TERRITORY, appellant, *v.* YE WAN, respondent.

COMMON-LAW OFFENSES — *in force.* Section 185 of the Criminal Laws of Montana provides that all offenses recognized by the common law as crimes, and not herein enumerated, shall be punishable, etc., and classifies such crimes as felony or misdemeanor. Section 6 of our Criminal Practice Act confers jurisdiction of such offenses upon district courts, and section 5 of same act provides that prosecution in such cases shall be by indictment. This statute is in force and should be given its full effect.

NUISANCE — *interpretation — offenses.* The term *offenses,* as used in this statute, applies to certain acts and intentions, or acts and criminal negligence, and all such acts or omissions, as would constitute nuisance at common law, and are not enumerated in our statute, in section 147 of Criminal Law, are still indictable under section 185 of the same law. It is the act that constitutes the offense and that is punishable, and it matters nothing what name is attached to it.

REPEAL — *implication.* As to acts specified in said section 147, there can be no common-law nuisance, the statute having taken its place; but all other acts that constituted nuisance at common law, do so still under section 185. The common law is only so far repealed by implication, as the statute directly excludes it.

*Appeal from Third District, Lewis and Clarke County.*

J. K. TOOLE, District Attorney, Third District, for appellant.

Chumasero & Chadwick, for respondent.

Knowles, J. The defendants were indicted for a common-law nuisance. They demurred to the indictment on the ground that it did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer, and the Territory excepted to this ruling and appeals to this court, alleging such ruling for error. It is claimed by the respondents that there is no such thing as a common-law nuisance in this Territory; that in the 147th section of our criminal laws certain acts are declared to be a nuisance, and that no other acts are a nuisance even though classed as such at common law. As to the acts specified in said section 147, there can be no common-law nuisance. As to these acts, the statute takes the place of the common law and supplants it. But only so far as a statute takes the place of the common law, is the latter repealed by implication. A part of the 185th section of our criminal laws is as follows: " All offenses recognized by the common law as crimes, and not here enumerated, shall be punished," etc. The section provides what punishment shall be suffered for a felony and misdemeanor.

The statute was intended to meet such cases as the one now before us. It was supposed that there might be offenses constituting crimes at common law, and the prevention of which was necessary for the protection of the lives, property, health and happiness of the residents of this Territory, which might have escaped the attention of the legislative assembly. The term " offenses," as used in this statute, does not refer specially to the name of crimes. It more properly refers to the acts and intentions, or acts and criminal negligence that make up a crime. The object of criminal laws is to protect society from certain criminal acts or conduct. The phrase " offenses not here enumerated," refers to the acts and conduct which criminal laws declare to be crimes, and not to the term itself " crimes."

" When we understand that a particular thing is indictable, it is not always quite certain whether it is to be called a nuisance or not. Neither is it ever of any legal consequence to know the name of a common-law misdemeanor. The name does not appear in the indictment, and it need not in the proofs; and when we have

ascertained that the offense is not a felony, no further inquiry as to its name is of practical importance." Bishop on Statutory Crimes, 559. "Offense" is "the doing that which a penal law forbids to be done, or omitting to do what it commands." Bouv. L. Dict.

There are many acts made crimes by our criminal law, to which no name is given. Some of these were crimes at common law. Because they have no name given them, can it be said that they are offenses not enumerated in our statutes? Considering the term "*offense*" as referring to the acts and intentions, or acts and criminal negligence that make a crime, then there can be no doubt as to the effect of said section 185. Let it read thus: "All acts which, coupled with criminal intent," or, "all acts which, coupled with criminal negligence, were recognized by the common law as crimes and not herein enumerated," etc., and there would be no mistaking its meaning.

And this is, as I hold, the effect of the terms used. This section makes all common-law crimes, not set forth specifically in our criminal laws, offenses against the Territory, and provides for their punishment. This statute, I think, will be found to be a salutary one. It completes our Criminal Code. The above interpretation of section 185 is consistent with a reasonable intention on the part of the legislative assembly, and corrects a mischief that might be the source of considerable trouble if not thus anticipated.

If these views are correct, there can be a prosecution for any common-law nuisance not enumerated in section 147 of our criminal laws, as well as for the nuisances therein specified in this Territory. Section 6 of our Criminal Practice Act confers jurisdiction upon the district court of all common-law offenses; and section 5 of said Practice Act provides that all prosecutions in the district court shall be by indictment. The offense set forth in this indictment, it is conceded, was a common-law nuisance. The prosecution of the same in the district court was proper, and the court committed an error in sustaining the demurrer.

*Judgment reversed.*

Blake, J., concurred.

WADE, C, J., dissenting. I respectfully dissent from the doctrine that there can be any common-law offenses in this Territory in that class of cases where the legislature in the statute has particularly defined what shall constitute crime. A statute is impliedly repealed by a subsequent one revising the whole subject-matter of the first, and if a statute revises the common law, the implication is equally strong. Our statute has defined what shall constitute the crime of burglary, arson, robbery, etc., and is it possible that behind the statute there is another system of crimes in full force and effect, making other and different acts a like offense? I think not. And so in the case of a nuisance, our statute on the subject is a general one. It attempts to cover the whole ground, as does the statute in relation to murder, larceny, etc. And the fact that a statute has been enacted, ought to exclude the possibility of the common law being in force on the same subject. Our statute has defined what shall constitute larceny and the punishment thereof. The common law does the same, and provides that for larcenies above the value of twelve pence, the offender shall be denied the benefit of clergy, provided the crime was committed in a church; but if for a less amount, the offender shall have clergy. Our statute does not cover this exact ground, and for that reason, according to the argument, this portion of the common law is in force here, and offenders against it can be punished. An hundred instances of the same kind might be given, and the whole reason of the matter conclusively demonstrated, to my mind, that in those cases where the statute has attempted to define crimes, the common law upon the same subject is not in force. If the statute had made no provision for nuisances, the common law in relation thereto would be in force; but the legislature having spoken on the subject, the common law ought to be silent. It was a work of folly to enact a Criminal Code, if the common-law system of crimes remains in force, and that it should so remain, seems clear to my mind, was not the intention of the legislature.